IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALLEN PAUL BRANCO, #A5005915, | ) ) ) | CIV. NO. 09-00382 DAE-LEK |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF |
| vs. | ) ) | HABEAS CORPUS |
| NOLAN ESPINADA, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the court is pro se Petitioner Allen Paul Branco's Petition for

Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition").  Branco alleges that

his rights guaranteed under the United States Constitution were violated during his

criminal trial and direct appeal.  Respondent filed an Answer to the Petition.  (Doc.

No. 10.)  Branco filed a Reply.  (Doc. No. 11.)  The court FINDS that  Branco's

Petition is without merit, and RECOMMENDS that it be DENIED with prejudice.

## I.  BACKGROUND

This action arises as a result of events that occurred on June 14 or 15,

1995, involving the sexual assault of a fourteen year old girl.  (Answer Ex. 6.)  On

February 11, 1997, a jury found Branco guilty of Kidnapping and Sexual Assault

in the First Degree, in violation of Hawaii Revised Statutes ("Haw. Rev. Stat.")

§ 707-720(1)(d) (1993)[1] and § 707-730(1)(a) (1993)[2].  (Id. Ex. 5.)  On April 2,

1997, the Circuit Court of the Third Circuit, State of Hawaii ("circuit court")

entered its judgment convicting and sentencing Branco for both offenses.  (Id. Ex.

4.)

Branco, through appellate counsel, Brian J. DeLima, Esq., raised nine

issues on appeal.  (Id. Ex. 5.)  In a memorandum opinion dated May 14, 1998, the

Supreme Court of Hawaii held that:

> Branco was denied effective assistance of counsel
> because his trial counsel failed to file a motion in limine
> to prevent the prosecution from examining Branco's co-
> defendant, Samuel Pua (Pua), regarding Pua's
> commission of, conviction of, and incarceration for
> murder in the second degree, and failed to object to the
> presentation of such 'clearly inadmissible' evidence.

---

[1]Haw. Rev. Stat. § 707-720(1)(d) (1993) provides as follows:
   Kidnapping. (1) A person commits the offense of kidnapping if the
   person intentionally or knowingly restrains another person with
   intent to:
   (d) Inflict bodily injury upon that person or subject that person to a
   sexual offense[.]

[2]Haw. Rev. Stat. § 707-730(1)(a) (1993) provides as follows:
   Sexual assault in the first degree.  (1) A person commits the offense
   of sexual assault in the first degree if:
   (a) The person knowingly subjects another person to an act of sexual
   penetration by strong compulsion[.]

Branco v. State of Hawaii, No. 28212, 2008 WL 5207119, at *1 (Haw. App. Dec. 15, 2008).  The Hawaii Supreme Court vacated Branco's convictions and remanded the case for a new trial.  Id.  In addition to remanding the action, the Hawaii Supreme Court addressed some of Branco's other issues to provide guidance to the circuit court on remand.  Id. at *1-2.

Branco's counsel for the retrial was Nelson Goo, Esq.  (Answer Ex. 9.)  On February 27, 2001, a jury found Branco guilty of Kidnapping and Sexual Assault in the First Degree.  Branco, 2008 WL 5207119, at *1.  On April 18, 2001, judgment was entered and Branco was sentenced to ten years incarceration for the Kidnapping count and twenty years for the First Degree Sexual Assault count, to be served consecutively.  (Answer Ex. 14.)

Branco appealed and Valerie A. Vargo, Esq. was appointed as appellate counsel and filed an opening brief.  (Id. Ex. 15.)   Branco filed his own "Motion to Order Valerie A. Vargo, Appellant's Court-Appointed Counsel to Supplement the Opening Brief, Consistent with this Present Motion or in Alternative Admit this Present Motion as a Supplement in the Interest of Justice and Due Process of Law," which was denied.  (Id. Exs. 16, 17.)   Branco filed a motion requesting leave of court to file a Hawaii Rules of Penal Procedure ("Haw.

R. Penal P.")  Rule 40 petition in the circuit court, which was denied.[3]  (Id. Exs. 19,

20.)  On December 12, 2002, the Hawaii Intermediate Court of Appeals ("ICA")

affirmed the judgment.  State of Hawaii v. Branco, No. 24281, 2002 WL

31781118, at *1-2 (Haw. App. Dec. 12, 2002).  Branco filed an Application for

Writ of Certiorari, which was denied on January 21, 2003.  (Answer Exs. 23, 24.)

On April 17, 2003, pursuant to Haw. R. Penal P. 40, Branco filed a

Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from

Custody and a memorandum in support of the petition ("Rule 40 Petition").  (Id.

Ex. 25.)  On December 15, 2004, Branco's attorney, James Biven, Esq., filed a

Memorandum in Support of Petition for Post-Conviction Relief.  (Id. Ex. 26.)  The

Honorable Greg K. Nakamura presided over three hearings on April 14, and July

22, 2005, and September 1, 2006.  (Id. Exs. 27, 28, 29.)  On December 12, 2006,

the circuit court denied Branco's Rule 40 Petition.  (Id. Ex. 29 (Findings of Fact,

Conclusions of Law, and Order Denying Petitioner's Petition to Vacate, Set Aside,

or Correct Judgment or to Release Petitioner from Custody ("2006 Findings of

Fact & Conclusions of Law")).

Branco appealed the denial of his Rule 40 Petition, and was

---

[3]Branco filed a Motion for Reconsideration to Supplement Opening Brief.
(Answer Ex. 21.)  According to Respondent's counsel, he could not find any order
denying said motion in his files.  (Id. at 5.)

represented by Gale F. Ching, Esq.  (Id. Ex. 30.)  In a December 15, 2008

Summary Disposition Order, the ICA affirmed the Rule 40 court's 2006 Findings

of Fact & Conclusions of Law.  Branco, 2008 WL 5207119, at *4.  On March 13,

2009, Ching filed an application for writ.  ("2009 Application for Writ of

Certiorari").  (Id. Ex. 34.)  On April 3, 2009, Ching moved to withdraw the

application for certiorari on Branco's instruction.  (Id. Ex. 35.)  On April 13, 2009,

the Hawaii Supreme Court granted the motion to withdraw.  (Id. Ex. 36.)

On August 18, 2009, Branco commenced this action, raising the

following ten grounds:

Ground 1   Conviction Obtained With Use of Coerced Statement

Ground 2   Bad Faith Destruction of Known Exculpatory Evidence

Ground 3   Presenting Known False and Perjured Testimony at Grand Jury Hearing

Ground 4   Prosecutorial Misconduct - Threatening Defense Witnesses

Ground 5   Ineffective Assistance of Trial Counsel - Samuel Pua's Testimony

Ground 6   Ineffective Assistance of Trial Counsel - Aurello's Testimony

Ground 7   Ineffective Assistance of Trial Counsel - Tainted/Bias Juror Whom Witnessed Branco Shackled and Handcuffed

Ground 8   Ineffective Assistance of Trial Counsel - Failing to Request Jury Instruction on Mistake of Fact/Ineffective Consent

Ground 9      Ineffective Assistance of Trial Counsel - Failing to Prevent the
              Prosecution From Repeatedly Characterizing the Complainant
              as the Victim

Ground 10     Ineffective Assistance of Appellate Counsel on Direct Appeal

(See Mem. Supp. Writ Habeas Corpus at 5-10.)

## II.  LEGAL STANDARD

Branco's Petition is governed by the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Woodford v. Garceau,

538 U.S. 202, 204 (2003); Brown v. Farwell, 525 F.3d 787, 792 (9th Cir. 2008).

Under the AEDPA, habeas corpus relief may not be granted on any claim that was

adjudicated on the merits in state court unless the adjudication "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court of the United States,"

or "resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding."  28 U.S.C.

§ 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362, 402-04 (2000).

A decision is contrary to federal law if the state court applies a rule of

law that contradicts Supreme Court precedent, or if the state court makes a

determination contrary to a Supreme Court decision on materially indistinguishable

facts.  Brown, 525 F.3d at 792.  A state court unreasonably applies federal law

when its application of Supreme Court precedent to the facts of petitioner's case is objectively unreasonable.  Id. at 793 (citation omitted).

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary."  Cooper v. Brown, 510 F.3d 870, 919 (9th Cir. 2007) (quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)); see also 28 U.S.C. § 2254(e)(1).

The only definitive source of clearly established federal law under the AEDPA is the holdings (as opposed to the dicta) of the Supreme Court, as of the time of the state court decision.  Williams, 529 U.S. at 412.  While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law (Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999)), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied.  Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).  Furthermore, under 28 U.S.C. § 2254(e)(1), factual determinations by a state court "shall be presumed to be correct" unless the petitioner rebuts the presumption "by clear and convincing evidence."  Relief may be granted on a federal habeas petition only if the state court error caused "actual prejudice" or had a "substantial and injurious effect or influence" in determining the jury's verdict.

<u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993).  In other words, relief may not be granted if a petitioner merely shows that there is a reasonable possibility that the error contributed to the verdict.  <u>Id.</u>

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991). Here, Branco presented his claims in his direct appeal and appeal of this Rule 40 Petition.  The ICA rejected the claims with reasoned decisions, while the Hawaii Supreme Court denied review of his direct appeal without comment.  The court therefore reviews the opinions by the ICA under the AEDPA standards.  <u>See</u> <u>Ylst</u>, 501 U.S. at 803; <u>Shackleford v. Hubbard</u>, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

### III. <u>DISCUSSION</u>

**A.  Hawaii Rule of Appellate Procedure 40.3**

A habeas petitioner must exhaust all adequate and available state court judicial remedies by presenting to the highest state court a fair opportunity to rule on the merits of each and every issue sought to be raised in the federal court.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 839-40 (1999); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).  If available state court remedies have not been exhausted

as to all claims in  the federal petition, the district court must dismiss the petition.[4]

See Rose v. Lundy, 455 U.S. 509, 510 (1982); Guizar v. Estelle, 843 F.2d 371, 372

(9th Cir. 1988).

Respondent argues that Branco failed to exhaust all available state

remedies due to the withdrawal of his 2009 Application for Writ of Certiorari to

the Hawaii Supreme Court.  (Answer  9-12.)  Relying upon Hawaii Rule of

Appellate Procedure ("Haw. R. App. P.") 40.3 ("Rule 40.3"), Branco argues that he

exhausted his state remedies.  Rule 40.3, entitled "Reconsideration, Transfer, or

Certiorari Unnecessary for Exhaustion of State Remedies," states:

> For purposes of these rules and except as otherwise
> provided in Rule 40 of the Hawaii Rules of Penal
> Procedure, a motion for reconsideration, an application
> for transfer, or **application for a writ of certiorari shall
> not be required to exhaust available state remedies
> regarding a claim of error.  A decision or order upon
> an appeal in which an issue was raised shall be
> deemed to have exhausted available state remedies**

---

[4]28 U.S.C. § 2254(b)(1) states that an application for a writ of habeas corpus
shall not be granted unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the
State; or

(B)(I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the
rights of the applicant.

**with regard to that issue.**[5]

Haw. R. App. P. 40.3 (2009) (emphasis added).  Branco argues that under Rule

40.3, review by the Hawaii Supreme Court is unnecessary for exhaustion purposes

of his federal habeas action.  (See Doc. No. 8.)  This issue is one of first impression

in this court.

The exhaustion requirement is a rule of comity, not jurisdiction.

Castille v. Peoples, 489 U.S. 346, 349 (1989).  It allows state courts the

opportunity to correct an alleged violation of federal constitutional law prior to the

federal courts' consideration of the issue.  O'Sullivan, 526 U.S. 844-45.  The rule

of comity requires that state prisoners "give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's

established appellate review process."  Id. at 845.

In  O'Sullivan, the Supreme Court announced the rule that in order to

satisfy the exhaustion requirement for federal habeas relief, state prisoners must

file petitions for discretionary review in a state supreme court when that review is

part of the ordinary appellate review procedure in the state.  526 U.S. 847.  The

Court explained that "[t]he exhaustion doctrine . . . turns on an inquiry into what

procedures are 'available' under state law."  Id.  The Court explained that "there is

---

[5]Rule 40.3 came into effect on July 1, 2006.

10

nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available.  We hold today only that the creation of a discretionary review system does not, without more, make review in the Illinois Supreme Court unavailable." Id. at 847-48.

Consequently, regarding the exhaustion doctrine, a state law or rule providing that a given procedure is not available should not be ignored by federal courts. Id.; see, e.g., Swoopes v. Sublett, 196 F.3d 1008 (9th Cir. 1999); Mancuso v. Schriro, No. 08-01366 PHX-FJM, 2009 WL 484399, at *3 (D. Ariz. Feb. 26, 2009) ("The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the 'highest court' test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief."); Whelchel v. Bazzle, 489 F. Supp. 2d 523, 529 n.1 (D.S.C. 2006) (stating that, to satisfy exhaustion, a petitioner in South Caroline is not "required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies") (citation omitted); Mattis v. Vaughn, 128 F. Supp. 2d 249, 261 (E.D. Pa. 2001).

In Swoopes v. Sublett, the Court of Appeals for the Ninth Circuit recognized that the Supreme Court "acknowledged an exception to the exhaustion

11

requirement," making clear that "'the creation of a discretionary review system does not, *without more*, make review' in a state court 'unavailable.'"  196 F.3d at 1009 (quoting O'Sullivan, 526 U.S. at 848).  The Swoopes court found that the Arizona Supreme Court stated that "in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies."  Swoopes, 196 F.3d at 1010.   The court concluded that in cases other than habeas petitions in life sentence or capital cases, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them."  Id.  Thus, "post-conviction review before the Arizona Supreme Court is a remedy that is 'unavailable' within the meaning of O'Sullivan."  Id.

        The court FINDS that discretionary Hawaii Supreme Court review is unnecessary in this case.  Hawaii's Rule 40.3 explicitly states that the ordinary appellate process is complete once a claim has been presented and ruled upon by the ICA.  See Haw. R. App. P. 40.3.  Although Branco had the right to raise his claims to the Hawaii Supreme Court, such review is unnecessary for federal habeas exhaustion purposes because Rule 40.3 clearly provides that it is outside the standard review process, and need not be pursued for purposes of exhaustion.  The court therefore RECOMMENDS that Branco's withdrawal of his 2009 Application

for Writ of Certiorari did not result in his failure to exhaust state remedies.

## B.  Review of Claims

### 1.  Grounds 3, 4, 5, 6, 7, And 8 Are Procedurally Barred

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  For a procedural bar to apply, the state procedural rule relied upon must be "independent and adequate."  Coleman, 501 U.S. at 730.  If state procedural rules preclude the state courts from hearing the claim prior to the filing of the federal petition, it is procedurally defaulted in federal court.  See O'Sullivan, 526 U.S. at 845.  There is no procedural default unless "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  Harris v. Reed, 489 U.S. 255, 263 (1989).

Grounds 3, 4, 5, 6, 7, and 8, were raised in Branco's appeal of the Rule 40 court's decision to the ICA.  (Answer Ex. 30 at 3-24.)  Relying upon Haw. R. Penal P. 40(a)(3) ("Rule 40(a)(3)"), the ICA ruled that the counts were waived. See Branco, 2008 WL 5207119, at *3-4.  Rule 40(a)(3) provides that state prisoners are precluded from obtaining post-conviction relief on issues they have

"knowingly and understandingly" waived by failing to raise before trial, at trial, on appeal, or by any other means, and there are no "extraordinary circumstances" justifying the failure to raise the issue.  Haw. R. Penal P. 40(a)(3).

The Ninth Circuit has held that Rule 40(a)(3) is consistently applied and an adequate and independent state procedural rule sufficient to support procedural default.  Cockett v. Ray, 333 F.3d 938, 943 (9th Cir. 2003); see also Elizares v. Parker, No. 06-465 HG-LEK, 2007 WL 2048832, at *2-3 (D. Haw. July 12, 2007) (adopting the Magistrate Judge's finding that Rule 40(a)(3) is an adequate and independent state procedural rule sufficient to support a finding of procedural default), aff'd, No. 07-16491, 2009 WL 766506 (9th Cir. Mar. 24, 2009).  The ICA clearly and expressly declared that its judgment rested on a state procedural bar by stating that the counts "are waived pursuant to HRPP Rule 40(a)(3) because Branco failed to raise these issues at any time prior to his Rule 40 Petition and failed to prove the existence of extraordinary circumstances to justify his failure to raise the issues."  Branco, 2008 WL 5207119, at *3.  Consequently, Grounds 3 through 8 were procedurally defaulted in the state court.

When a state prisoner has procedurally defaulted his federal claims in state court, federal habeas review is precluded unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the

failure to consider the claims will result in a fundamental miscarriage of justice. Edwards, 529 U.S. at 451; see also Murray v. Carrier, 477 U.S. 478, 485 (1986); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

To demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488; McCleskey v. Zant, 499 U.S. 467, 493 (1991) (examples include government interference or reasonable unavailability of factual basis for claim). If the petitioner has not demonstrated cause for procedural default, the federal court need not consider the issue of prejudice. See Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). To establish prejudice, the petitioner "bears the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989); U.S. v. Frady, 456 U.S. 152, 170 (1982).

Finally, a petitioner may overcome a procedural bar if he can demonstrate "that failure to consider the claims will result in a fundamental miscarriage of justice." Sawyer v. Whitley, 505 U.S. 333, 339 (1992). In the federal habeas context, this "miscarriage of justice" exception is limited to habeas

15

petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995). The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. Id. at 321. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." Id. at 329.

Branco has not met his burden and demonstrated cause to excuse the procedural default of these counts. Branco argues that he did not procedurally default because he presented his claims to the ICA and the Hawaii Supreme Court in various court documents. (Reply at 6-8.) Branco fails to proffer any argument addressing the specifics of his procedurally defaulted federal claims in state court. He neither addresses the ICA's conclusion that Grounds 3, 4, 5, 6, 7, and 8, were waived pursuant to Rule 40(a)(3), nor does he set forth any argument that some objective factor external to the defense impeded the efforts to comply with the Hawaii procedural rule. As such, Branco has not shown cause for the procedural default. Because Branco has not shown cause, the court need not reach the issue of actual prejudice. See Smith v. Murray, 477 U.S. 528, 533 (1986).

16

Nor has Branco presented any evidence whatsoever showing actual innocence.  His assertions of innocence without any supporting evidence do not overcome the procedural default.  Branco points out alleged discrepancies in the video statement, grand jury testimony, and trial testimony of the complainant, but the alleged discrepancies do not show that it is more likely than not that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  Schlup, 513 U.S. at 329.

Branco also asserts that he passed a polygraph examination on May 18, 2009, and "[i]f the State recognizes it's [sic] reliability, then the polygraph exam results must be viewed as new reliable evidence supporting Branco's statements as true . . . and Branco's testimony at trial."  (Reply at 11-12.)  Without addressing the issue that the state has apparently not recognized the reliability of the alleged polygraph examination, Branco's innocence argument based on the alleged positive polygraph examination results fails because polygraph evidence lacks reliability.  See Brown v. Darcy, 783 F.2d 1389, 1391 (9th Cir. 1986) (barring admission of unstipulated polygraph evidence); United States v. Cordoba, 104 F.3d 225, 228 (9th Cir. 1997) (remanding case to the district court to conduct individualized evidentiary inquiries to determine whether unstipulated polygraph evidence is admissible noting that its "inherent problematic nature . . . remains").

17

Analyzing the general unreliability of polygraph evidence in combination with the evidence at trial, including the complainant's testimony, Branco has not presented evidence creating a colorable claim of actual innocence of the charges against him. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324.  The alleged polygraph test results do not amount to new reliable evidence supporting Branco's allegations of constitutional error.

Accordingly, the court FINDS that Branco procedurally defaulted Grounds 3, 4, 5, 6, 7, and 8 in state court.  The court therefore RECOMMENDS that the claims be denied because federal habeas review is precluded since Branco has neither demonstrated cause for the procedural default and actual prejudice, nor demonstrated that the failure to consider the claims will result in a fundamental miscarriage of justice.

## 2.  Ground 9 Is Unexhausted And Procedurally Defaulted

Branco's appellate attorney presented Ground 9, entitled Ineffective Assistance of Trail Counsel - Failing to Prevent the Prosecution From Repeatedly Characterizing the Complainant as the Victim, in the direct appeal of his second

trial.[6]  (Answer Ex. 15 at 30-32.)  The ICA denied Branco's claim in its' December

12, 2002 Summary Disposition Order.  (Id., Ex. 22 at 2-3.)  Branco's pro se

application for writ of certiorari to the Hawaii Supreme Court dated January 5,

2003, did not specifically raise Ground 9.  (Id., Ex. 23.)  Since Branco failed to

present Ground 9 to the Hawaii Supreme Court, it is unexhausted in state court.[7]

A claim may be procedurally defaulted if the petitioner failed to

present the claim in any forum and "the court to which the petitioner would be

required to present his claims in order to meet the exhaustion requirement would

now find the claims procedurally barred."  Coleman, 501 U.S. at 735 n.1.  This is

often referred to as "technical" exhaustion because although the claim was not

actually exhausted in state court, the petitioner no longer has an available state

remedy.  See id. at 732 ("A habeas petitioner who has defaulted his federal claims

in state court meets the technical requirements for exhaustion; there are no

remedies any longer 'available' to him."); see also Gray v. Netherland, 518 U.S.

152, 161-62 (1996).

---

[6]Ground 9 was not presented in any of Branco's Rule 40 proceedings.

[7]At the time that Branco presented Ground 9 to the Hawaii state courts, Hawaii state law still required Hawaii Supreme Court review as part of the ordinary appellate process required for federal habeas exhaustion.  Rule 40.3 did not come into effect until July 1, 2006.  See Haw. R. App. P. 40.3.

Branco does not have state remedies currently available to him.  See

Haw. R. App. P. 40.1 (2003)[8] (setting 30 day time limit after filing of ICA

judgment on appeal for seeking certiorari with the Hawaii Supreme Court); see

also Ortiz v. Stewart, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district

court must consider whether the claim could be pursued through any presently

available state remedy).  Since no state remedies are currently available, Branco's

claims are "technically" exhausted but procedurally defaulted.  Coleman, 501 U.S.

at 732, 735 n. 1.

As previously explained, unless it would result in a "fundamental

miscarriage of justice," a petitioner who procedurally defaults may obtain federal

review of the defaulted claims only if he demonstrates "cause" for his procedural

default and "actual prejudice" stemming from the alleged errors.  See Coleman,

501 U.S. at 750.  Branco has not shown cause by showing some objective factor,

---

[8]In 2003, Rule 40.1 provided in relevant part:

(a) Application; when filed. No later than 30 days after the filing of an
opinion, dispositional order, or rulings of the [ICA] . . . , any party may
apply in writing to the supreme court for a writ of certiorari to review such
opinion, dispositional order, or ruling.

The time period in which a writ of certiorari must be filed was later extended to
ninety days.  Haw. R. App. P. 40.1 (2006).  Even with this extension of time,
Branco does not have any state remedies currently available to him.

external to the himself, that prevented compliance with the state's procedural rule. Id. Neither  has he shown prejudice nor that a fundamental miscarriage of justice will occur if Ground 9 is not reviewed.  See, e.g., Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir. 1995) (exception is available only where petitioner supplements constitutional claim with colorable showing of factual innocence).

The court FINDS Branco's claims in Ground 9 are procedurally barred in state court and procedurally defaulted from federal review.  The court RECOMMENDS that Ground 9 be dismissed.

### 3.  Ground 10 Is Unexhausted And Procedurally Defaulted

Branco raised Ground 10, entitled Ineffective Assistance of Appellate Counsel on Direct Appeal, in his Rule 40 Petition, but he did not raise it in his appeal of the denial of his Petition.[9]  See Branco, 2008 WL 5207119, at *1-4; see also Answer Exs. 25, 20.  As previously stated, to properly exhaust state remedies, the petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner.  O'Sullivan, 526 U.S. at 848.  Ground 10 is unexhausted in state court because Branco did not seek appellate review of the Rule 40 court's decision to deny Ground 10.

---

[9]The ICA issued a decision regarding Branco's appeal of his Rule 40 Petition on December 15, 2008.  See Branco, 2008 WL 5207119, at *4.

Ground 10 is now procedurally barred from state court review.  See

Haw. R. App. P. 4(a)(1) ("When a civil appeal is permitted by law, the notice of

appeal shall be filed within 30 days after entry of judgment or appealable order.");

Coleman, 501 U.S. at 735 n.1.  Thus, Ground 10 is "technically" exhausted

because Branco no longer has an available state remedy.  Coleman, 501 U.S. at 732

 ("A habeas petitioner who has defaulted his federal claims in state court meets the

technical requirements for exhaustion; there are no remedies any longer 'available'

to him.").

The court FINDS that Branco has not demonstrated cause by showing

some objective factor, external to himself, prevented him from including Ground

10 in his appeal with the ICA.  Id.  Additionally, the court FINDS that Branco

cannot demonstrate actual innocence.  The court therefore RECOMMENDS that

Ground 10 be denied because it is procedurally defaulted from federal review.

**4.  Ground 1**

Ground 1, entitled Conviction Obtained with Use of Coerced

Statement, is unclear and difficult to decipher.  (Pet. at 5.)  It appears that Branco

asserts that his statement to Detective Glenn Nojiri regarding the events occurring

on June 14 or 15, 1995,  was not voluntary, knowing, or intelligently waived, but

was coerced.  (Id.)  Branco appears to assert that he gave his statement because

Nojiri promised to take samples of the complainants' blood and have them tested for drug use.  (Id.)

This claim is exhausted because the Hawaii Supreme Court ruled on it in the court's May 14, 1998 Memorandum Opinion.[10]  See  O'Sullivan, 526 U.S. at 848.  The Hawaii Supreme Court found "based on the entire record, it is clear that Branco voluntarily, knowingly, and intelligently waived the presence of counsel" and "it is clear that Branco voluntarily waived his rights."  (Answer Ex. 8 at 26, 27.)

" [A] statement may be considered involuntary if it is 'extracted by any sorts of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'"  Beaty v. Schriro, 509 F.3d 994, 999 (9th Cir. 2007) (quoting Hutto v. Ross, 429 U.S. 28, 30 (1976)).  Not every statement made in response to a promise made by law enforcement personnel is inadmissible because "the breadth of this rule is circumscribed by the requirement that '[t]he promise must be sufficiently compelling to overbear the

---

[10]Branco also raised this claim in his Rule 40 Petition.  The circuit court found that "Nojiri did not make any promises to test the blood in exchange for the Petitioner's waiver of his constitutional rights" and "[t]he blood recovered in [the] case was in fact tested."  (Id., Ex. 29 at 4.)  On appeal, however, the ICA ruled that this issue was previously ruled upon by the Hawaii Supreme Court and relief was, therefore, not available under Haw. R. Penal P. 40(a)(3).  Branco, 2008 WL 5207119, at *3.

suspect's will in light of all attendant circumstances.'"   Beaty, 509 F.3d at 999

(quoting United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir. 1988)).

Habeas corpus relief may not be granted based on Ground 1 because

Branco has not shown that the adjudication by the state court "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court of the United States,"

or "resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding."  28 U.S.C.

§ 2254(d)(1),(2); Williams, 529 U.S. at 402-04.

The Hawaii Supreme Court's application of federal law to Branco's

claim of a coerced statement was not unreasonable.  The Hawaii Supreme Court

reviewed the entire record and decided that "it is clear that Branco voluntarily

waived his rights."  (Answer Ex. 8 at 27.)  The transcript of the exchange between

Branco and Nojiri shows that Nojiri did not threaten Branco, or exert any improper

influence.  Considering Noriji's statements in the context of the entire interview,

Nojiri used normal interrogation tactics in order to persuade Branco to be truthful.

(Answer Ex. 38.)  The interview was conducted on June 16, 1995, a day after the

crime.[11]  Nojiri informed Branco that samples of the complaint's blood were  going

to be tested for drug use, which is true.  While the blood test results were later

found to be compromised, there is no indication that Nojiri was lying about

obtaining the blood samples or about the police department's intention of testing

the blood during his interview with Branco.

The court FINDS that any promise that may have existed regarding

the complainant's blood did not rise to the level of overcoming Branco's will

against self-incrimination.  Branco's statement that the sexual contact was

consensual and that the complainant was using drugs is in line with his defense and

his continued argument.  The court further FINDS that the Hawaii Supreme

Court's  decision that Branco's statement was voluntary, knowing, and intelligent,

and  uncoerced was not contrary to clearly established federal law, or an

unreasonable determination of the facts.  Accordingly, the court RECOMMENDS

that Ground  1 be DENIED because it does not entitle Branco to habeas relief and

is denied.

## 5.  Ground 2

In Ground 2, entitled Bad Faith Destruction of Known Exculpatory

---

[11]The transcript of Nojiri's interview of Branco is dated June 15, 1995, but within the transcript it is stated that the date is June 16, 1995.  (Answer Ex. 38.)

Evidence, Branco asserts that the underage complainant was a crack cocaine addict who voluntarily stayed with him to use drugs, and had sex with him so that he would buy her drugs.  (See Pet.)  Branco claims that the results of complainant's blood samples were important to his defense because they would have shown her drug use, and "a positive analysis showing the Complainant lied about [her] cocaine addictions in her initial statement, coupled with her obvious fabrications in her video statement would severely weaken their case against Branco."  (Id. at 6.) Branco appears to argue that the police department's failure to properly preserve the three blood samples of complainant's blood resulting in the circuit court's exclusion of all evidence relating to the blood samples and test results was bad faith destruction of exculpatory evidence.  (Id. at 5-6.)  Branco asserts that the police "took the blood samples from [Hilo Medical Center's] laboratory to prevent it's [sic] analysis" and "[t]hen allowed the blood samples [to] be destroyed after coercing Branco with it's [sic] exculpatory significance."  (Id. at 6.)

Ground 2 is exhausted.  In its' May 14, 1998 Memorandum Opinion, the Hawaii Supreme Court thoroughly analyzed Branco's claim that the failure of the police to properly preserve the blood samples violated his due process rights, and denied any relief.  (See Answer Ex. 8.)

Specifically, the Hawaii Supreme Court stated that "[u]nder the

United States Constitution, where the state destroys evidence that has only a potential exculpatory value, due process is not offended unless the defendant can demonstrate that the state acted in bad faith." (Id. at 21.) Although recognizing that the police improperly preserved the blood samples, the court found that "nothing indicates that the police acted in bad faith in handling the blood samples," and "the delay in testing the blood samples could have been the result of the police being unaware that cocaine disappears from blood quickly rather than an intent to destroy the evidence." (Id.) The court concluded that there was insufficient evidence to find that the police violated Branco's federal constitutional rights. (Id. at 22.)

The court also analyzed the claim under the Hawaii Constitution and concluded that, regardless of good or bad faith, the state may make a criminal trial fundamentally unfair through the loss or destruction of material evidence. (Id.) Noting that although the record suggests that the blood samples would have tested negative, the court stated that "even if they had tested positive for cocaine, [they] would not have provided direct evidence that Complainant had consented to sexual intercourse with Branco" and "would not have been directly exculpatory on the issue of consent." (Id.) The court concluded that "it does not appear that the blood samples were so critical as to render the trial fundamentally unfair without them."

27

(Id. at 22-23.)

"It is well-established [ ] that the State violates due process when it suppresses or fails to disclose material exculpatory evidence." Richter v. Hickman, 521 F.3d 1222, 1234 (9th Cir. 2008) (citing Brady v. Maryland, 373 U.S. 83, 87 (1963)) (further citations omitted).  For the Brady standard to apply, however, the evidence at issue "must . . . possess an exculpatory value that was apparent before the evidence was [lost]." California v. Trombetta, 467 U.S. 479, 489 (1984). Further, "failure to preserve 'potentially useful' evidence does not constitute a due process violation unless the defendant can show bad faith on the part of the police." Richter, 521 F.3d at 1234 (citing Arizona v. Youngblood, 488 U.S. 51, 58 (1988)); see also United States v. Estrada, 453 F.3d 1208, 1212 (9th Cir. 2006) (drawing a distinction between "potentially exculpatory" and "apparently exculpatory" evidence).

Branco has not shown that the Hawaii Supreme Court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1),(2); Williams, 529 U.S. at 402-04.

28

Prior to the first trial, the circuit court held a pre-trial hearing on November 27, 1996, addressing the prosecution's motion in limine regarding the blood samples' chain of custody, and found that all evidence relating to the taking of the blood samples and the test results should be excluded.  The Hawaii Supreme Court affirmed this holding.  It also specifically addressed Branco's argument of bad faith by the police concluding that there was insufficient evidence of bad faith. Prior to commencement of the retrial, the circuit court held a January 4, 2000 hearing, where appellate counsel, Goo, questioned Nojiri regarding his handling of the blood samples.  The circumstances regarding the handling of the blood samples by the police has been throughly examined showing no bad faith.  Other than his own self-serving allegations that the failure to properly preserve the blood samples was in bad faith, Branco currently fails to present any evidence disputing the Hawaii Supreme Court's finding.  (Pet. at 5-6.)

As in <u>Trombetta</u> and <u>Youngblood</u>, the failure to properly preserve the 'potentially useful' blood samples evidence occurred before its inculpatory or exculpatory value could be conclusively determined by the trial court.  Even accepting Branco's account that the blood samples would have shown that the complainant used drugs, Branco fails to show that this would have been exculpatory.  As the Hawaii Supreme Court noted, the blood samples would not

have been direct evidence of consent by the complainant.

Applying the Trombetta-Youngblood rule here, this court finds no evidence in the record of bad faith on the part of the police or the prosecution. Noriji testified that he was following what he understood as the correct procedure and he did not know that he was improperly preserving the blood.  (Answer Ex. 9 at 19-47.)  At worst, Noriji's actions can be described as negligent.  The court FINDS that Branco was not, however, denied due process of law, and the Hawaii Supreme Court's denial of his claim was neither contrary to nor an unreasonable application of federal law, and was not an unreasonable determination of the facts. Accordingly, the court RECOMMENDS that Ground 2 be DENIED because it does not entitle Branco to habeas relief and is denied.

## IV.  CONCLUSION

The court FINDS that Branco is not being held in violation of the constitution or laws of the United States, and the Hawaii courts' determinations of his claims were neither contrary to nor an unreasonable application of clearly established federal law as determined by the United States Supreme Court nor resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  The court therefore RECOMMENDS that the Petition be **DENIED with prejudice**.

30

IT IS SO FOUND AND RECOMMENDED AND ORDERED.

DATED AT HONOLULU, HAWAII, November 23, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

*Branco v. Espinda,* Civ. No. 09-382 DAE; Order Denying Petition for Writ of Habeas Corpus; prose attys\ Habeas\
KAM\2009\Branco 09-382 DAE (2254 Deny Procedural & Merits)