IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| ALLEN PAUL BRANCO, | ) | CV. NO. 09-00382 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN NOLAN ESPINDA,, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER: (1) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION TO DENY PETITIONER'S AMENDED HABEAS
CORPUS PETITION; AND (2) DENYING PETITIONER'S OBJECTIONS TO
THE FINDINGS AND RECOMMENDATION

              Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Petitioner's Objections and the

supporting memoranda, the Court DENIES Petitioner's Objections to the Findings

and Recommendation of the Magistrate Judge.  (Doc. # 16.)

              The Court hereby ADOPTS the Magistrate Judge's Findings and

Recommendation to Deny Petitioner's Amended Habeas Corpus Petition.  (Doc.

# 12.)

## BACKGROUND

On February 11, 1997, Petitioner Allen Paul Branco was convicted of Kidnaping and Sexual Assault in the First Degree in violation of Hawaii Revised Statutes § 707-720(1)(d) and § 707-730(1)(a).  Judgment was entered against Petitioner in state court on April 2, 1997.  This conviction was subsequently vacated by the Supreme Court of Hawaii on the grounds that Petitioner was denied ineffective assistance of counsel due to his counsel's failure to raise a motion in limine regarding inadmissible evidence.  Branco v. State of Hawaii, 2008 WL 5207119, at *1 (Haw. App. Dec. 15, 2008.)  Upon retrial, Petitioner was again found guilty of Kidnaping and Sexual Assault in the First Degree.  Id.  Petitioner, represented by counsel, appealed.  Judgment was affirmed by the Hawaii Intermediate Court of Appeals ("ICA") on December 12, 2002.  Petitioner's subsequent appeal was denied on January 21, 2003.

On April 17, 2003, Petitioner, proceeding pro se, filed a Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody in the Third Circuit Court, State of Hawaii.  Petitioner apparently retained counsel at some point, and on December 15, 2004, James Biven, Esq., filed a memorandum in support of Petition for Post-Conviction Relief.  After three hearings before Judge Greg Nakamura, the Rule 40 petition was denied.  Petitioner

2

again appealed, this time represented by Gale Ching, Esq., and the decision was affirmed by the ICA on December 15, 2008.  Petitioner's application for certiorari to the Hawaii Supreme Court was withdrawn on April 13, 2009.

On August 18, 2009, Petitioner, again proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2254 in this Court.  (Doc. # 1.)  Respondent filed a Response on September 29, 2009.  (Doc. # 10.)  Petitioner filed a Reply on October 19, 2009.  (Doc. # 11.)

On November 23, 2009, Magistrate Judge Kobayashi issued Findings and Recommendation to Deny Petition for Writ of Habeas Corpus ("F&R").  (Doc. # 12.)  In the F&R, Magistrate Judge Kobayashi found the Petition to be without merit.  On December 7, 2009, Petitioner filed the instant Objection to the F&R. (Doc. # 16.)  Respondent did not file a Response.

<u>STANDARD OF REVIEW</u>

Any party may serve and file written objections to proposed findings and recommendations.  <u>See</u> 28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a <u>de novo</u> determination.  A <u>de novo</u> review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  <u>U.S.</u>

3

Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2. The Court may accept those portions of the magistrate's findings or recommendation which are not objected to if it is satisfied that there is no clear error on the face of the record. See Campbell v. United States District Court, 501 F.2d 196, 206 (9th Cir. 1974).

<u>DISCUSSION</u>

The Petition raises ten grounds for relief. These are: (1) Conviction Obtained Through use of Coerced Statement; (2) Bad Faith Destruction of Known Exculpatory Evidence; (3) Indictment Gained Through the Use of Known False and Perjured Testimony; (4) Prosecutorial Misconduct– Threatening Defense Witnesses; (5) Ineffective Assistance of Trial Counsel– Samuel Pua's Testimony; (6) Ineffective Assistance of Trial Counsel – Aurello's Testimony; (7) Ineffective Assistance of Trial Counsel - Tainted/Bias Juror; (8) Ineffective Assistance of Trial Counsel – Failing to Request Jury Instruction; (9) Ineffective Assistance of Trial

4

Counsel – Failing to Prevent prosecution from Repeatedly Characterizing the complainant as the Victim; and (10) Ineffective Assistance of Appellate Counsel. (Pet. Memo. at 5-9.)

Magistrate Judge Kobayashi determined that Grounds 3 through 8 were procedurally barred, based on the fact that the ICA had ruled the counts waived when Petitioner filed his Rule 40 petition in state court.  (F&R at 13-14.) See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991) (an independent and adequate state procedural rule precluding a claim renders the claim barred in federal court).  Magistrate Judge Kobayashi found an absence of cause for the procedural default, and that failure to consider the claims would not result in a fundamental miscarriage of justice.  (F&R at 14-18.)

Next, Magistrate Judge Kobayashi determined that Ground 9 was unexhausted and procedurally barred.  (Id. at 18-19.)  Ground 9 was not raised on the direct appeal in the state courts, nor in Petitioner's Rule 40 proceedings. Similarly, Ground 10 was deemed unexhausted and procedurally barred because Petitioner did not raise this ground in his appeal of the denial of his Rule 40 petition.  (Id. at 21.)

Magistrate Judge Kobayashi substantively assessed the allegations within Grounds 1 and 2 and found them to be without merit.  (Id. at 22-30.)

5

Based on this Court's <u>de novo</u> review of the record and for the reasons set forth below, the F&R is adopted and Petitioner's objections are denied.

I.    <u>Procedural Defaults</u>

In this objection on Grounds 3 through 10, Petitioner does not argue or present evidence that he actually did exhaust the claims or that the state court erred in deeming them procedurally barred.  Petitioner therefore fails to meet the standard required to grant a petition for writ of habeas corpus on these grounds. Under the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1),(2); <u>Brown v. Farwell</u>, 525 F.3d 787, 792 (9th Cir. 2008).

Instead, Petitioner appears to argue that his status as a pro se petitioner at various stages in the state litigation should exempt him from the procedural requirements.  Petitioner repeatedly asserts that he was "forced" to proceed pro se.  (Obj. at 2-5.)

There is no basis in the law for Petitioner's assertions that the Court should ignore procedural requirements because Petitioner, at certain points in the state trial, was proceeding pro se.  <u>See generally</u> <u>Boyd v. Thompson</u>, 147 F.3d 1124 (9th Cir. 1998) (holding that pro se prisoner's petition for writ of habeas corpus was procedurally barred).  Certainly, this Court will not conclude that the state court adjudication was contrary to clearly established federal law on this basis.

Counts 3 through 10 are therefore DENIED on the basis that they are unexhausted and/or procedurally barred.

II.    <u>Evidence of Innocence</u>

The next point raised by Petitioner essentially asks this Court to re-try the state jury trial.  This is outside the scope of this Court's review of a petition for writ of habeas corpus.  The role of this Court is to review the record to determine whether the state courts erred such that there was a decision contrary to clearly established federal law or that there was an unreasonable determination of the facts in light of the evidence presented at trial.  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

Petitioner recounts various statements given by witnesses before and during trial.  Petitioner says that he "would have impeached the complainant's

credibility and testimony at trial creating more than just 'reasonable doubt' and no reasonable juror would have convicted [Petitioner] of first degree sexual assault or, any Kidnaping charge as well." (Obj. at 7-8.) Contrary to Petitioner's assertions, the jury's conclusion that the complainant's testimony was more credible that Petitioner's was well within the realm of reasonableness.

The remaining points made by Petitioner on these evidentiary grounds are consanguineous with his arguments on Ground 1 and Ground 2, discussed below.

III.   <u>Ground 1</u>

The thrust of Ground 1 appears to be that Detective Glenn Nojiri coerced Petitioner's statement by promising to take samples of the complainant's blood to have the blood tested for drug use. Petitioner seeks to show that the complainant was using cocaine and that she voluntarily engaged in sexual intercourse in exchange for cocaine. (Obj. at 8-11.) According to Petitioner, "Nojiri therefore, coerced Branco into waiving right [sic] to counsel with the belief that Nojiri would conduct an investigation in accordance with the law." (<u>Id.</u> at 8.)

Petitioner does not, with any specificity, identify what the state courts allegedly did unreasonably or in contravention to federal law. Instead Petitioner

recounts with a rather rambling narrative why the complainant's testimony could not be believed and why Petitioner did not voluntarily waive his rights.

This Court joins both the Hawaii Supreme Court and Magistrate Judge Kobayashi in concluding that Petitioner made a voluntary, knowing, and intelligent waiver of the right to counsel.  No evidence of threats, violence, improper influence, or promise is apparent in the record.  See Beaty v. Schriro, 509 F.3d 994, 999 (9th Cir. 2007).  Nor does Petitioner make any allegations of threats or violence.  Petitioner attests only that his waiver was made based on Nojiri's allegedly untruthful statement that the blood samples would be tested.

To the contrary, the blood samples were in fact tested.  (Resp. Ex. 29 at 4-5.)  The Hawaii Supreme Court's application of federal law was therefore not unreasonable.  The record clearly indicates that Petitioner was not coerced and that Nojiri did not lie to Petitioner about blood samples in order to coerce testimony.[1]

Accordingly, Ground 1 is DENIED.

---

[1] As noted by Magistrate Judge Kobayashi, the state court ultimately determined that the samples had been compromised.  This, however, occurred subsequent to the conversation between Nojiri and Petitioner.  There is no indication in the record that Nojiri knew that the blood samples were or would be compromised.

IV.    Ground 2

Petitioner's final charge is that "known exculpatory evidence" was destroyed in bad faith.  At issue are the blood samples taken from the complainant.  Essentially, Petitioner argues that the results from the blood samples would have proven that the complainant was taking cocaine, that she traded sex voluntarily for cocaine, and that Petitioner was innocent of the crimes for which he was convicted.  (Obj. at 11-13.)  In particular, Petitioner criticizes the protocols followed by the Hilo Medical Center when storing the samples.  (Id. at 11.)

This issue was thoroughly reviewed by the Hawaii Supreme Court.  (Resp. Ex. 8.)  The Hawaii Supreme Court noted testimony that three blood samples were taken, that they were stored in defective storage conditions, and that due to the length of time between storage and testing, any cocaine in the samples would have disappeared.  (Id. at 20.)  Because of these failings, all evidence relating to the blood samples was excluded from the trial by the state circuit court pursuant to HRE Rule 403.  (Id.)  The Hawaii Supreme Court concluded that the trial court did not abuse its discretion in excluding the blood samples, and that Petitioner's due process rights were not violated.  (Id. at 21.)  The blood samples

had only <u>potential</u> exculpatory value, and there was no evidence of bad faith on the part of the state.  (<u>Id.</u>)

      This Court concurs with the Hawaii Supreme Court's conclusions, and Petitioner has failed to demonstrate that the Hawaii Supreme Court's decision was contrary to federal law.  Indeed, the general rule is that failure to disclose material exculpatory evidence is a violation of due process when the exculpatory value was apparent before the evidence was lost and when there was bad faith on the part of the police.  <u>See</u> <u>Richter v. Hickman</u>, 521 F.3d 1222, 1234 (9th Cir. 2008), <u>rev'd on other grounds</u>, 578 F.3d 944 (2009); <u>California v. Trombetta</u>, 467 U.S. 479, 489 (1984); <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1964).  Neither is the case here, and Petitioner was not denied due process of law.

      Accordingly, Ground 2 is DENIED.

<u>CONCLUSION</u>

      For the reasons stated above, the Court DENIES Petitioner's Objections to the Findings and Recommendation of the Magistrate Judge and

ADOPTS the Magistrate Judge's Findings and Recommendation to Deny

Petitioner's Amended Habeas Corpus Petition.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 17, 2009.



_____
David Alan Ezra
United States District Judge


Branco v. Espinda, CV. No. 09-00382 DAE-LEK; ORDER: (1) ADOPTING THE
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY
PETITIONER'S AMENDED HABEAS CORPUS PETITION; AND (2)
DENYING PETITIONER'S OBJECTIONS TO THE FINDINGS AND
RECOMMENDATION