IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ALLEN PAUL BRANCO, | ) | CV. NO. 09-00382 DAE-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN NOLAN ESPINDA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER: (1) DENYING PETITIONER'S MOTION TO FILE AMENDED HABEAS CORPUS PETITION; (2) DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; (3) DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY; AND (4) DENYING AS MOOT PETITIONER'S MOTION FOR STAY OF NOTICE OF APPEAL

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motions and the supporting and opposing memoranda, the Court: (1) DENIES Petitioner's Motion to File Amended Habeas Corpus Petition (Doc. # 22); (2) DENIES Petitioner's Motion for Reconsideration (Doc. # 27); (3) DENIES Petitioner's Request for a Certificate of Appealability or Stay of Notice of Appeal (Doc. # 26); and (4) DENIES AS MOOT Petitioner's Motion for Stay of Notice of Appeal (Doc. # 28).

BACKGROUND

On February 11, 1997, Petitioner Allen Paul Branco was convicted of Kidnaping and Sexual Assault in the First Degree in violation of Hawaii Revised Statutes § 707-720(1)(d) and § 707-730(1)(a). Judgment was entered against Petitioner in state court on April 2, 1997. This conviction was subsequently vacated by the Supreme Court of Hawai`i on the grounds that Petitioner was denied ineffective assistance of counsel due to his counsel's failure to raise a motion in limine regarding inadmissible evidence. Branco v. State of Hawaii, 2008 WL 5207119, at *1 (Haw. App. Dec. 15, 2008.) Upon retrial, Petitioner was again found guilty of Kidnaping and Sexual Assault in the First Degree. Id. Petitioner, represented by counsel, appealed. Judgment was affirmed by the Hawaii Intermediate Court of Appeals ("ICA") on December 12, 2002. Petitioner's subsequent appeal was denied on January 21, 2003.

On April 17, 2003, Petitioner, proceeding pro se, filed a Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody in the Third Circuit Court, State of Hawai`i. Petitioner apparently retained counsel at some point, and on December 15, 2004, James Biven, Esq., filed a memorandum in support of Petition for Post-Conviction Relief. After three hearings before Judge Greg Nakamura, the Rule 40 petition was denied. Petitioner

again appealed, this time represented by Gale Ching, Esq., and the decision was affirmed by the ICA on December 15, 2008.  Petitioner's application for certiorari to the Supreme Court of Hawai`i was withdrawn on April 13, 2009.

On August 18, 2009, Petitioner, again proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2254 in this Court.  (Doc. # 1.)  On November 23, 2009, Magistrate Judge Kobayashi issued Findings and Recommendation to Deny Petition for Writ of Habeas Corpus ("F&R").  (Doc. # 12.)  In the F&R, Magistrate Judge Kobayashi found the Petition to be without merit.  On December 7, 2009, Petitioner filed an Objection to the F&R.  (Doc. # 16.)  On December 17, 2009, this Court adopted the F&R and denied Petitioner's habeas corpus petition ("Order Adopting F&R").  (Doc. # 18.)  Judgment was entered on December 18, 2009.  (Doc. # 19.)

On January 15, 2010, Petitioner filed a Motion for Leave of Court to File First Amended Petition.  (Doc. # 22.)  On January 20, 2010, Petitioner filed a Notice of Appeal or Stay of Notice of Appeal.  (Doc. # 26.)  On January 21, 2010, Petitioner filed a Motion for Reconsideration of this Court's Order Adopting F&R. (Doc. # 27.)  On January 25, 2010, Petitioner filed another Motion for Stay of Notice of Appeal.  (Doc. # 28.)

Respondent filed an Opposition to Petitioner's motion to file amended complaint on January 21, 2010. (Doc. # 25.)

## DISCUSSION

I.  Motion to File First Amended Petition

Although this motion purports to be a motion to file an amended petition, the actual memorandum in support of the motion is a near duplicate of Petitioner's original petition filed on August 18, 2009. Pages 1 through 8 appear to be word-for-word identical to the original petition. Petitioner has supplemented his original petition with new pages 9 through 16, which elaborate on the same ineffective assistance of trial counsel presented in the original petition and include some additional arguments. Petitioner again raises the issue of whether Petitioner's trial counsel erred by "allowing" the complainant at trial to be referred to as the victim. (Mot. Am. Pet. at 9.) Petitioner also again argues that his appellate counsel was ineffective. (Id. at 10.) Pages 11 through 15 appear to be both supplemental arguments with some specific issues raised for the first time.

The motion fails for several reasons. First, judgment was entered on December 18, 2009, and so an attempt to amend the original petition would be moot. Second, should this Court construe this motion to be a successive petition,

Petitioner is barred from raising the same claim in a second habeas corpus petition that was already dismissed by a ruling on a prior application. 28 U.S.C. § 2244(b)(1). A substantial part of the claims now raised are identical to what this Court has already evaluated and are therefore barred. Any new claims that Petitioner now seeks to raise in this motion are also barred by virtue of the fact that none of these new claims are based on a new law previously unavailable, or based on facts that could not have been discovered previously through exercise of due diligence. 27 U.S.C. § 2244(b)(2). Each of the "new" arguments that Petitioner submits could have been presented in the original petition. Petitioner simply tries to create new arguments to attack the same state court rulings and actions by trial counsel. All these arguments, based on the exact same proceedings as were the subject of Petitioner's first petition, were available at the time Petitioner filed his original petition. Nor does Petitioner allege any new facts. Moreover, the motion to amend petition is untimely, as the original motion has already been ruled upon and judgment entered.

  Even if this Court were to liberally construe this motion as a motion for reconsideration, the motion would fail because Petitioner has not submitted any arguments about any error in this Court's Order Adopting F&R or newly discovered evidence. To the extent that Petitioner simply disagrees with this

Court's prior order, mere disagreement is insufficient to prevail on a motion for reconsideration.

Accordingly, Petitioner's motion to amend petition is DENIED.

II.     Motion for Reconsideration

Although difficult to discern, it appears that Petitioner's motion for reconsideration is predicated on his belief: (1) that Petitioner should not be held to exhaustion requirements as a pro se litigant; and (2) that the correctional facility's law library is not adequate.

Petitioner cannot prevail on his motion based on the fact that he is a pro se litigant.  Grounds 3 through 8 were procedurally barred, based on the fact that the ICA had ruled the counts waived when Petitioner filed his Rule 40 petition in state court.  See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991) (an independent and adequate state procedural rule precluding a claim renders the claim barred in federal court).  The Court is aware that a pro se petition may be held to a more lenient standard.  See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003).  Holding a petition to a more lenient standard is not, however, equivalent to waiving the exhaustion requirement all together.  A procedural bar is particularly appropriate here, where Petitioner failed to raise the claims at all, and an

6

independent and adequate state procedural ruling precludes the claim in federal court.

Petitioner then claims, without explanation or evidence, that the correctional facility's law library is inadequate.  Petitioner cannot prevail on a motion for reconsideration based on this generalized and unsupported grievance.  First and foremost, this allegation does not address whether this Court has made an error of law or fact and does not present newly discovered evidence.  Second, Petitioner does have access to the law library, and his bald allegation that it is inadequate cannot be addressed by this Court.

Moreover, to the extent that Petitioner again includes the same arguments as he has raised numerous times before this Court, these conclusory allegations already rejected by the Court cannot form the basis for this motion for reconsideration.  Petitioner again argues ineffective assistance of counsel and cites the same or similar actions taken or not taken by counsel.  Petitioner again argues that his polygraph examination should prove his innocence, without addressing the fact that the state courts apparently did not recognize the reliability of the alleged polygraph examination.  Petitioner again argues that the complainant voluntarily engaged in sexual intercourse.  Petitioner again argues that he did not voluntarily, knowingly, and intelligently waive his right to counsel without providing any

additional evidence not already evaluated by this Court when this Court concluded that his claim was meritless.  Petitioner again argues that "exculpatory evidence" was destroyed, but this Court already reviewed these arguments and determined that there was no violation of due process when the state court excluded all evidence of blood samples after the blood samples had been contaminated by a faulty storage system.  These arguments have already been raised numerous times before, Petitioner does not demonstrate an error of law or fact, and there is no newly available evidence upon which Petitioner relies.

Accordingly, Petitioner's motion for reconsideration is DENIED.

III.   Certificate of Appealability and Stay of Notice of Appeal

28 U.S.C. section 2253 governs appeals from both 28 U.S.C. section 2254 and section 2255 cases.  A petitioner must specifically request a Certificate of Appealability ("COA") as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA.  See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999) (citing 28 U.S.C. § 2253(c)).  "If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate."  United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).  Upon filing a notice of appeal, a district judge

who renders the judgment must issue a COA or state why such a certificate should not issue.  See Federal Rules of Appellate Procedure 22(b)(1).

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The COA shall indicate which specific issues satisfy that "relatively low" standard.  See id. § 2253(c)(3); Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002).  The standard is satisfied when the "petitioner can 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further.'"  Jennings, 290 F.3d at 1010 (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

Petitioner's request for certificate of appealability merely notes that he wishes to appeal this Court's order in its entirety.  Petitioner does not specify which particular issues are to be appealed.  Furthermore, this Court's close review of the record reveals that the issues are not debatable and the matter does not warrant further adjudication.  Petitioner's request for a certificate of appealability is therefore DENIED.

The Court has denied both Petitioner's motion for reconsideration and Petitioner's motion to amend petition.  Petitioner's request to stay notice of appeal pending these matters is therefore DENIED AS MOOT.

## CONCLUSION

For the reasons stated above, the Court:  (1) DENIES Petitioner's Motion to File Amended Habeas Corpus Petition; (2) DENIES Petitioner's Motion for Reconsideration; (3) DENIES Petitioner's Request for a Certificate of Appealability or Stay of Notice of Appeal; and (4) DENIES AS MOOT Petitioner's Motion for Stay of Notice of Appeal.

The Court finds that Petitioner has submitted numerous and repetitive motions and is no longer providing fruitful information, and the Court will no longer accept any filings on this matter.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 26, 2010.



David Alan Ezra
United States District Judge

Branco v. Espinda, CV No. 09-00382 DAE-LEK; ORDER: (1) DENYING PETITIONER'S MOTION TO FILE AMENDED HABEAS CORPUS PETITION; (2) DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; (3) DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY; AND (4) DENYING AS MOOT PETITIONER'S MOTION FOR STAY OF NOTICE OF APPEAL